UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSEPH ZLOZA,

    Plaintiff,

v.                                                                         Hon. Robert J. Jonker

CHICAGO BRIDGE AND IRON, et al.,                      Case No. 1:23-cv-748

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Wisconsin, initiated this action on July 13, 2013, against Chicago Bridge and Iron (CBI), the City of Holland, and the Federal Bureau of Investigation (FBI). Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed because he fails to state a claim upon which relief can be granted.

Plaintiff alleges that from November 1, 2021, to February 17, 2022, he was working for CBI in the City of Holland at the City's waste center. Plaintiff alleges that FBI agents, including Dan Noto, were sexually harassing him. Plaintiff alleges that he told Noto "to shut the fuck up countless times." Plaintiff alleges that another undercover agent gave Plaintiff hand signals to sit on his lap. He also alleges that "some wise guy" pulled a knife on Plaintiff after he confronted him

about sexually harassing Plaintiff. Plaintiff contacted the local police "countless times," but they were negligent, stating that it was "an employer issue."[1] (ECF No. 1 at PageID.5.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

---

[1] I note that Plaintiff, proceeding pro se and in forma pauperis, recently has filed several other cases in other districts alleging similar facts. *See Zloza v. Something*, No. C23-5532, 2023 WL 4315121 (W.D. Wash. July 2, 2023) (alleging that during work training, a "helper/instructor" suspected of being either "undercover police?" or a "dirty Federal Agent" spat in his face, giving him post-traumatic stress disorder and anxiety); *Zloza v. City of New Lisbon*, No. 23-cv-352, 2023 WL 3750578 (W.D. Wis. June 1, 2023) (alleging an attack by an unknown officer or suspect in a high school men's bathroom because he had disrespected the flag); *Zloza v. FBI*, No. 23-221, 2023 WL 2954451 (W.D. Wis. Apr. 14, 2023) (alleging that for three years the FBI and all police in multiple states had been sexually harassing, attacking, and threatening him at work and at school); *Zloza v. City of Beloit*, No. 23-cv-140, 2023 WL 2496914 (W.D. Wis. Mar. 14, 2023) (alleging that the Beloit Police Department failed to respond to his reports of being threatened with a gun and attacked at work); *Zloza v. Carl A. Nelson & Co.*, No. 23-cv-58, 2023 WL 2163134 (W.D. Wis. Feb. 22, 2023) (alleging harassment by coworkers in August 2021). In *Zloza v. The Industrial Co.*, No. 4:23-cv-17 (D. Utah), Plaintiff alleged that during orientation, the "safety man" hit Plaintiff in the back, and on the second day of work, two coworkers sexually harassed him by making a sick joke. The district court denied Plaintiff's application to proceed in forma pauperis. 2023 WL 2760784 (Apr. 3, 2023). The case was dismissed without prejudice after Plaintiff failed to pay the filing fee.

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As an initial matter, Plaintiff fails to identify the basis of the Court's subject matter jurisdiction in this case. (ECF No. 1 at PageID.3–5.) Regardless, even if his complaint is generously construed as asserting federal claims, Plaintiff does not state a plausible claim.

3

First, it is not clear why Plaintiff named the city of Holland. Plaintiff's claim is primarily concerned with sexual harassment while working for CBI. He does not allege that any City employee sexually harassed him. To the extent Plaintiff contends that the City violated his rights based on its police officers' negligent investigation, he fails to allege a constitutional violation. *See Garner v. Harrod*, 656 F. App'x 755, 761 (6th Cir. 2016) ("[A]ssuming that the plaintiffs provided sufficient facts to establish that the investigation was incompetent or negligent, an 'incompetent or negligent investigation' is insufficient to establish a constitutional violation." (quoting *Seigel v. City of Germantown*, 25 F. App'x 249, 250 (6th Cir. 2001)). Moreover, even if Plaintiff could establish a constitutional violation, a local government such as the City "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974) ). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at the first step because he has not alleged or identified a policy or custom.

Next, as to CBI, Plaintiff does not allege that it was a state actor, nor is there any indication in the complaint that it is a state actor. Therefore, any claim against it under 42 U.S.C. § 1983 would fail. It is possible that Plaintiff intends to allege a claim against CBI of hostile work environment based on sex under Title VII of the Civil Rights Act of 1964. Plaintiff claims that FBI agents and "[s]ome wise guy" sexually harassed him. It is not clear whether the FBI agents were working undercover as CBI employees and whether the so-called "wise guy" was a CBI employee. In any event, he does not allege that any alleged harasser was his supervisor. To the extent Plaintiff alleges that the alleged harassers were coworkers, he fails to state a plausible claim because he alleges no fact indicting that CBI "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Doe v. City of Detroit*, 3 F.4th 294, 301 (6th Cir. 2021) (quoting *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 348 (6th Cir. 2005)). While Plaintiff says that he told "Noto to shut the fuck up countless times," he alleges nothing about reporting the alleged harassment to CBI.

Finally, Plaintiff fails to allege any wrongdoing by the FBI, and, unlike individual federal officers, federal agencies cannot be sued for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Moreover, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999), and *Meyer*, 510 U.S. at 475) (internal quotations omitted). A waiver of sovereign immunity must be strictly construed in favor of the sovereign. *Id.* (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996), and *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)). Plaintiff does not identify any waiver of sovereign immunity allowing an individual to sue the FBI under the circumstances alleged in the complaint.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint with prejudice for failure to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  July 26, 2023                                   /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).